Vicente Usera Seda, Plaintiff and Appellee, v. Antonia Rieder Larrañaga, Defendant and Appellant.

No. 6631.   Argued April 24, 1935.—Decided April 30, 1935.

F. *Parra Capó*, *Alfredo Arnaldo Sevilla* and *Alfredo Arnaldo, Jr.*, for appellant.   A. *Fiol Negrón* for appellee.

Mr. Justice Córdova Dávila delivered the opinion of the court.

On July 5, 1933, Vicente Usera y Seda paid to the Treasurer of Puerto Rico the sum of $3,017.62, owing by the defendant Antonia Rieder Larrañaga for taxes past due for the fiscal years 1930–31, 1931–32, and 1932–33, upon five rural properties located in the Municipality of Ponce, belonging to the said defendant. It is alleged in the complaint that neither the defendant nor anyone on her behalf has paid to the plaintiff either in whole or in part the aforesaid sum, the payment of which is sought in this personal action for a money judgment.

The defendant in her answer described five rural properties, stating that the plaintiff Vicente Usera y Seda holds a mortgage upon the said five rural properties and that the $3,017.62 paid for taxes upon the properties described must be added to his mortgage lien and be reimbursed at the rate of interest stipulated in such mortgage credit. The defendant admits that she was owing to the People of Puerto Rico as taxes the amount paid by the plaintiff, and sets up as her sole defense the existence of the mortgage credit in favor

of Mr. Usera and the accumulation which in her opinion ought to be made of the amount paid to the mortgage credit.

In view of the admissions upon the part of the party defendant, the plaintiff moved for and obtained judgment on the pleadings. In that judgment the defendant is adjudged to pay to the plaintiff the sum claimed in the complaint, with costs and attorney's fees. The defendant appealed from the judgment, and contended that the court below erred in holding that the new matter in the answer did not raise any controversy and in rendering judgment on the pleadings sustaining the complaint and awarding costs and attorney's fees against the losing party. In the opinion of the defendant, the plaintiff has a credit in his favor which he cannot enforce by judicial action unless the obligation shall have become due, in guaranty of which the lien in question was created. That is, the debtor accepts the payment and recognizes the obligation arising in favor of the plaintiff, but believes that the same is not due and that, consequently, she cannot be compelled to fulfill it immediately. The question raised is a very simple one. A legitimate debt is involved, which the defendant, as debtor, was necessarily bound to pay. Section 1112 of the Civil Code (1930 ed.) provides that when an obligation exists to pay a debt, payment may be made by any person, whether he has an interest in the performance of the obligation or not, and whether the payment is known and approved by the debtor or whether he is unaware of it. Any person who makes a payment for the account of another may recover from the debtor the amount of the payment, unless it was made against the express will of the latter. *Peñagaricano* v. *Llenza,* 42 P.R.R. 207.

In the instant case the plaintiff, who held a mortgage upon the properties subject to the lien for the delinquent taxes, paid the amount thereof, undoubtedly for the purpose of avoiding a tax sale of said properties by the Treasurer of

Puerto Rico. It is true that when the mortgage creditor pays delinquent taxes upon the encumbered property, he may add such taxes to the lien, but this is a guaranty which is granted to the mortgage creditor to secure the obligation arising in his favor as a result of the payment, by increasing the mortgage lien by the amount of the taxes paid. We have already said that a mortgage is a purely subsidiary contract which cannot exist without a principal obligation for the fulfillment of which it acts as security. The creditor is not obliged to resort to the security for the payment of his credit if he does not wish to do so, and may forego his mortgage right and sue in a personal action for the enforcement of the obligation. *Fernández* v. *Luyando*, 46 P.R.R. 664; *Torres* v. *Fernández*, 47 P·R.R.\_\_\_\_\_.* This is what Mr. Usera has done in the instant case. He paid to the Insular Treasury a certain sum of money owed by the defendant for delinquent taxes and, availing himself of his right to sue immediately for payment thereof, instead of adding the tax paid to the mortgage lien constituted in his favor, he has begun this personal action for a money judgment to reimburse himself with what is legitimately owing him. No one can question the right of the mortgage creditor who pays delinquent taxes upon the mortgaged property to waive the security offered to him by the law and demand immediate fulfillment of the obligation arising in his favor as a result of such payment.

The award of costs must be sustained. The answer raises no issue. It is sufficient to read the pleadings. On the one hand the right of the plaintiff is clear and evident; on the other, the opposition of the defendant is unfounded and rash.

The judgment appealed from must be affirmed.

---

* NOTE.—For page number see "Table of Cases Cited in Opinions—Citations from Puerto Rico Reports," this volume.